Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.

---

HERNÁNDEZ, PLAINTIFF AND APPELLANT, *v.* CADILLA ET AL., DEFENDANTS AND APPELLEES.

## APPEAL from the District Court of San Juan in an Action of Debt.

### No. 2371.—Decided July 19, 1921.

CONTRACT—CONDITIONAL OBLIGATION.—A property having been sold for $2,000, the grantee paid half of the amount to the grantor and retained the other half to be delivered upon receipt of the recorded title deed which the grantor agreed to secure as soon as possible. *Held:* That the obligation contracted by the grantor was a conditional obligation.

ID.—ID.—When the fulfillment of a condition does not depend exclusively upon the will of the obligor, but also upon that of a third person over whom he

has no control, if the former does all that he was required to do his obligation is fulfilled and he can demand that the other party comply with the agreement.

The facts are stated in the opinion.

*Mr. L. Méndez Vaz* for the appellant.

The appellees did not appear.

Mr. Chief Justice Hernández delivered the opinion of the court.

This is an appeal by plaintiff Agustín Hernández Mena from a judgment of the District Court of San Juan, Section 2, of September 28, 1920, dismissing the action of debt brought against William E. Mullenhoff, William Ludwig Mullenhoff and Francisco M. Cadilla on the ground that the facts alleged in the complaint are not sufficient to constitute a cause of action.

The facts alleged in the complaint, which we must consider as true for the purposes of the appeal, are the following:

First: By a public deed of January 15, 1912, Julio Maisonet Rivera sold to William E. Mullenhoff the rural property described in the complaint, the grantor having a possessory title to the property recorded in his name in the registry of property, for the sum of $2,000, of which the grantee paid to the grantor $1,000 and retained the balance of $1,000 under an agreement to pay it to the grantor as soon as the latter should deliver to him a certificate showing the record in the registry of property of a dominion title judgment of the District Court of San Juan in the proceeding to be immediately begun by the said Maisonet to establish the dominion title to the property in the name of Mullenhoff, the delivery of the certificate to be made within six months after the execution of the said deed.

Second: William E. Mullenhoff recorded the deed of purchase and sale in his name in the registry of property and in the record the obligation to pay the remaining $1,000 of

the purchase price was made to appear as a lien on the property in favor of Julio Maisonet, specifying the obligation of the grantor to retain the said $1,000 and to pay it to Maisonet as soon as he should deliver to the grantee the certificate of the record of the dominion title to the property in the name of Mullenhoff.

Third: By a deed of January 17, 1912, William E. Mullenhoff created a voluntary mortgage on the property to secure a debt of $2,000, with interest, to his father, William Ludwig Mullenhoff, the latter recording his mortgage in the registry and mentioning in the record that the property was subject to an encumbrance for the said $1,000 pending payment as part of the purchase price.

Fourth: Thereafter the Plaza Provision Company brought an action in the Municipal Court of San Juan against William E. Mullenhoff to recover the sum of $300 with interest and costs and a default judgment having been entered against defendant Mullenhoff for the sum claimed, the property was levied on and sold at public auction on February 11, 1913, for the sum of $500 to Francisco M. Cadilla, in whose name the marshal of the court executed a deed of sale which was also recorded in the registry, mention being made in the record of the aforesaid encumbrance.

Fifth: On January 17, 1912, attorney Manuel Moraza, under the instructions of Julio Maisonet Rivera, brought *ex parte* proceedings in the District Court of San Juan in the name of William E. Mullenhoff to establish his dominion title to the property and the court dismissed the petition by an order of April 29, 1912, which was affirmed on appeal by this court on April 16, 1913, on the ground of the insufficiency of the evidence presented by the petitioner to establish the dominion title.

Sixth: By reason of the judgment of this court of April 16, 1913, Julio Maisonet, represented by attorney Manuel Moraza, immediately undertook to bring again the dominion

title proceedings in the name of William E. Mullenhoff for supplying the insufficiency of the evidence as formerly presented; but it was impossible for him to carry out his purpose because William E. Mullenhoff refused to give his consent under the pretext that the property had become the property of Francisco M. Cadilla, thus preventing Julio Maisonet from complying with his agreement in the deed of January 15, 1912, and from collecting from Mullenhoff the $1,000 which the latter was to pay as soon as delivery was made to him of the certificate of the record of the dominion title in the registry of property.

Seventh: By a deed of January 27, 1920, Julio Maisonet assigned to Agustín Hernández Mena the credit of $1,000 against William E. Mullenhoff, together with all the rights and actions that he might have to recover the said amount, which has not been paid either in whole or in part to the grantor, Julio Maisonet Rivera, or to the assignee, Agustín Hernández Mena.

Eighth: Assignee Agustín Hernández Mena, for the purpose of complying with Maisonet's obligation to William E. Mullenhoff under the deed of sale of January 15, 1912, addressed registered letters to Francisco M. Cadilla, the present owner of the property, asking for his consent to bring dominion title proceedings in his name and to establish in his favor the dominion title to the property, advising him at the same time that his failure to reply would be understood by the plaintiff as a refusal to give the consent asked for and that, therefore, the condition agreed upon for the payment of the $1,000 remaining unpaid from the price of the property would be fulfilled, but Cadilla never answered the letters.

The complaint concludes with a prayer for judgment against defendants William E. Mullenhoff, as principal debtor, and Francisco M. Cadilla, as the possessor of the property, for the $1,000 due to the plaintiff, with legal interest and

the costs, and that it be also adjudged that in default of such payment the plaintiff has a preferred right over William Ludwig Mullenhoff and Francisco M. Cadilla to satisfy his claim against the said property by execution.

The complaint was demurred to by defendant Francisco M. Cadilla on the ground that its allegations do not show a cause of action, and after a hearing the demurrer was sustained by the court and judgment was entered dismissing the complaint with the costs against the plaintiff.

The grounds of the judgment, as stated by the judge in his opinion, are the following: (1) That the obligation being one with a definite period and not a conditional obligation, the debt is not demandable because grantor Julio Maisonet Rivera failed to deliver to grantee William E. Mullenhoff the certificate of the record in the registry of the dominion title to the property; (2) that the obligation of the grantee to pay to the grantor the $1,000 remaining unpaid from the purchase price of the property being correlative with the grantor's obligation to deliver first to the grantee the certificate of the dominion title recorded in the registry within six months after the execution of the deed of purchase and sale of January 15, 1912, and the grantor not having fulfilled his obligation, he is estopped, as is also his assignee, Agustín Hernández Mena, from recovering that balance.

The appellant alleges that the court erred in holding in its opinion that the obligation to which the complaint refers is one with a definite period and not a conditional obligation, and in not holding that the condition for the payment of the debt was fulfilled when the obligor wilfully prevented the creditor from complying with the condition by refusing to give his consent to the dominion title proceedings.

According to section 1092, Article 2, Chapter III, Title 1, Book IV, of the Civil Code, obligations whose fulfillment has been fixed for a day certain are obligations with definite periods and are only demandable when the proper day arrives,

and a day certain is understood to be one which must necessarily arrive, even though its date be unknown, for if the uncertainty should consist in the arrival or nonarrival of the day, the obligation is conditional and is governed by the rules of the preceding article.

In this case the obligation of the grantee to pay to the grantor the $1,000 remaining unpaid of the purchase price of the rural property when the vendor should deliver to him the certificate of the record in the registry of property of the dominion title judgment of the District Court of San Juan within six months after the execution of the deed of sale, is not really an obligation with a definite period, for the approval by the court of the dominion title proceedings and the delivery of the certificate of its record to the grantee within the said period of time were not facts certain which must necessarily occur, but very eventual facts dependent upon whether the judge should approve the dominion title proceedings after hearing the evidence and considering the law applicable to the case, and upon whether the registrar should decide to record the title in the registry of property. The petitioner and his attorney might believe in good faith that they had complied with all of the necessary requirements to recover a dominion title judgment and yet the judge might hold to the contrary.

This being so, there was uncertainty as to the arrival of the day for the fulfillment of the obligation, which must be governed, therefore, by the provisions of Article 1 of the Chapter, Title and Book of the Civil Code referred to.

Among these statutes is section 1086, cited by the appellant, providing that the condition shall be considered as fulfilled if the obligor should voluntarily prevent its fulfillment; but although the plaintiff alleges that he asked the authority of defendant Francisco M. Cadilla by registered letters to bring dominion title proceedings in his name and to establish his dominion title to the property, advising him that his

failure to answer would be understood by the plaintiff as a refusal to give his consent and that, therefore, the stipulated condition for the payment of the $1,000 would become wholly fulfilled, and that the defendant failed to answer the letters, nevertheless the provision of the said section can not be applied to the defendant, even assuming that he received the letters, for his silence does not imply that he accepted the effects ascribed to such silence by the plaintiff. These effects could not be arbitrarily determined by the plaintiff, but are such as are established by law, and we know of no statute that sanctions such effects.

But among the statutes governing conditional obligations we find section 1082 of the Civil Code, which reads as follows:

"Section 1082.—If the fulfillment of the condition should depend upon the exclusive will of the debtor, the conditional obligation shall be void. If it should depend upon chance or upon the will of a third person, the obligation shall produce all its effects in accordance with the provisions of this Code."

Commenting on section 1115 of the Spanish Civil Code, the wording of which is the same as that of section 1082 of the Revised Civil Code, referring to cases where the fulfillment of the condition depends in part upon the will of the creditor and in part upon the will of a third person who can not be compelled to act, Manresa expresses himself as follows:

"In such cases the jurisprudence prior to the adoption of the Civil Code had established that when the creditor had done all that was required of him he could demand the performance of the obligations. This performance, fictitious and not real, is not expressly admitted by the code, which only declares valid such conditions and the obligations affected by them; but it does not expressly reject it and considering its silence, the jurisprudence, as a doctrinary rule, may maintain its old point of view." 8 Manresa, Civil Code, 122.

The jurisprudence to which the illustrious Spanish Com-

mentator refers is laid down in the judgments of the Supreme Court of Spain of November 19, 1866, and February 23, 1871.

In the former it was said:

"That although the contracts imposed upon the plaintiffs the obligation to verify the work done by certificates from the chief engineer of the road, that obligation did not depend upon his will, but upon the will of a third person who could not be coerced by any means, for he was not an obligor; and the trial court having found from the evidence examined that Cremades did everything in his power to comply with his agreement * * * the judgment, in imposing upon the appellants the obligation to perform their agreement, without prejudice to their rights in consequence of the final acceptance of the work, did not violate the law of the contract, nor Law 1, Title 1, Book 10, of the *Novísima Recopilación,* nor Law 12, Title ii, 5th *Partida,* treating of obligations in general, nor the judgments of this Supreme Court cited."

The same tribunal held in the latter judgment:

"That when the fulfillment of a condition does not depend upon the will of the obligor, but upon that of a third person who can not be coerced by any means, if the former has done all that was required of him he has performed his obligation and is entitled to have the other party fulfill his agreement, which is also the rule adopted by this Supreme Court."

In the present case, as we have said before, the fulfillment of the condition did not depend exclusively upon the will of the creditor, but upon acts over which he had no control. The deed of sale was executed on January 15, 1912, and on the 17th of the same month the grantor and creditor, Julio Maisonet Rivera, brought in the District Court of San Juan proceedings to establish the ownership of the property in favor of the grantee. The petition was denied by an order of April 29, 1912, which was appealed from by Maisonet Rivera and affirmed by this court on April 16, 1913, after the expiration of the time allowed for delivering the certificate of the record of the dominion title judgment. Maisonet Rivera immediately took steps to supply the insufficiency of

the evidence, but he could not carry out his purpose because William E. Mullenhoff refused to give his consent because the property had become the property of Francisco M. Cadilla. Finally plaintiff Agustín Hernández Mena, the assignee of Julio Maisonet, addressed registered letters to Cadilla asking his consent to bring in his name proceedings to establish the ownership of the property, but received no reply.

The fulfillment of the condition imposed upon the creditor for the payment by the debtor of the deferred part of the purchase price did not depend exclusively upon the creditor, Julio Maisonet Rivera, or upon his assignee, plaintiff Agustín Hernández Mena, but first upon the District Court of San Juan and the Supreme Court, which refused to grant the dominion title, and next upon third persons, William E. Mullenhoff and Francisco M. Cadilla.

Considering these facts, the creditor can not be subjected to something like a penal clause which was not included in the contract, depriving him of the right to recover a credit which he lawfully acquired by the deed of January 15, 1912, although its collection was subject to a condition whose fulfillment did not depend exclusively upon his will; and we apply the jurisprudence laid down by the Supreme Court of Spain, which although older than the Civil Code, is not contrary to its provisions, without prejudice to the grantee's right to be reimbursed by the grantor for the expenses that may be incurred in prosecuting the dominion title proceedings.

The judgment appealed from is reversed and the case remanded to the court of its origin for proceedings not inconsistent herewith.

*Reversed and remanded.*

Justices Wolf and Aldrey concurred.
Justices Del Toro and Hutchison dissented.